**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2570
_____

RISIKATV OLAJIDE,
                                    Appellant

v.

CITIFINANCIAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-14-cv-07132)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2016

Before: FISHER, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: July 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Risikatv Olajide, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey granting summary judgment in favor of CitiFinancial in her action claiming fraud in connection with a mortgage loan agreement. For the reasons that follow, we will affirm the judgment of the District Court.

In October 2007, Olajide and CitiFinancial entered into a 30-year mortgage loan agreement with an annual interest rate of 8.75 percent.[1] In July 2008, Olajide requested mortgage relief due to changed financial circumstances. The parties entered into an Adjustment of Terms Agreement that reduced her monthly loan payment amount. Thereafter, Olajide was unable to make the reduced payments. The parties entered into Adjustment of Terms Agreements in July 2010, March 2011, October 2011, and April 2012. Olajide made no loan payments after April 2013.

In October 2014, Olajide filed a three-page form complaint in New Jersey state court against CitiFinancial. Olajide alleged that there were $140,000 of "fraudulent activities" in her mortgage account, that she was unaware that an 8.75% interest rate had been applied to her loan, that her loan had been transferred to several locations while she was trying to work with the bank, and that CitiFinancial's "non-cooperative ideas" had lowered her credit score. Olajide attached copies of various documents and agreements to her complaint.

---

[1]We will refer to CitiFinancial, although other entities related to CitiFinancial may have been parties to the agreements at issue.

CitiFinancial removed the action to District Court based on diversity jurisdiction and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). CitiFinancial asserted that Olajide's vague and conclusory allegations failed to state a claim upon which relief could be granted, that Olajide failed to plead fraud with particularity as required by Rule 9(b), and that she did not satisfy Rule 8(a)(2)'s notice requirement. CitiFinancial stated that the parties' agreements belie any claim of fraud and reflect that it repeatedly gave Olajide mortgage assistance. CitiFinancial submitted copies of the parties' agreements.

In opposition to the motion to dismiss, Olajide asserted that CitiFinancial had fraudulently charged $36,137 to her account. She also stated that CitiFinancial had forged the Adjustment of Terms Agreements submitted to the court and that the 2008 Adjustment of Terms Agreement had permanently changed the interest range on her loan to 5 percent. Olajide claimed that the 2010 Adjustment of Terms Agreement provided for a temporary lower rate, which would revert to 5 percent, not 8.71 percent as set forth in the agreement provided by CitiFinancial.

After a hearing, the District Court issued an order converting the motion to dismiss to a motion for summary judgment. Noting that the parties had submitted documents outside the pleadings, the District Court directed Olajide to submit any evidence of her allegations that representations were made to her that may have had the effect of modifying her loan agreements.

3

CitiFinancial then moved for summary judgment and submitted declarations by two individuals who had reviewed the Adjustment of Terms Agreements with Olajide and saw her sign them. CitiFinancial also submitted evidence that it had paid property taxes on the mortgaged premises and that these payments made up the bulk of the $36,137 charge that Olajide claimed was fraudulent. CitiFinancial argued that a reasonable jury could not find fraud in light of the affidavits and the clear terms of the parties' agreements. Olajide opposed the motion and reiterated her allegations of forgery and fraudulent charges.

In an oral decision, the District Court noted that Olajide's original complaint did not comply with Rules 8 or 9, but explained that it had converted the motion to dismiss to a motion for summary judgment in order to focus on whether the documents relied upon by CitiFinancial were fraudulent because Olajide had claimed that CitiFinancial forged her signature. The District Court, however, found the agreements submitted by CitiFinancial authentic based on the declarations of its representatives. The District Court also noted, based on its review of the agreements, that Olajide appeared to have signed them. The District Court questioned the authenticity of Olajide's submissions and stated that the purported agreements appeared to have pages removed and/or added. The District Court ruled that the documents relied upon by CitiFinancial were not forged and that CitiFinancial had calculated the amount due on the loan with the documents signed by Olajide. The District Court found that no reasonable jury could find for Olajide,

granted summary judgment in favor of CitiFinancial, and dismissed the complaint. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Erdman v. Nationwide Ins. Co., 582 F.3d 500, 502 (3d Cir. 2009).

Olajide asserts on appeal that there are genuine issues of material fact precluding summary judgment. She contends, as she did below, that CitiFinancial fraudulently charged $36,137 to her account. CitiFinancial submitted evidence showing that it had paid taxes on the mortgaged premises and that the tax payments comprised the bulk of the allegedly fraudulent charges. Olajide has not shown that she submitted evidence raising a factual question as to whether these charges are fraudulent.

Olajide also argues in her brief that CitiFinancial increased her interest rate from 5 percent to 8.71 percent and led her to believe that the applicable interest rate would not exceed 5 percent. The 2010, 2011, and 2012 Adjustment of Terms Agreements submitted by CitiFinancial plainly reflect that Olajide was afforded a temporary interest rate, which reverted to 8.71 percent after the temporary period expired. The record supports the District Court's finding that Olajide's submissions did not raise a genuine issue of material fact as to the authenticity of these agreements. Olajide contends that a worksheet, that appears to be computer screen printout, is the second page of the July 2010 Adjustment of Terms Agreement, but, as explained by the District Court, the third page would then suggest that paragraphs of the agreement are missing. Olajide has not

5

shown that the District Court erred in granting summary judgment on her claims of fraud.[2]

Olajide also asserts on appeal that CitiFinancial violated the Truth in Lending Act and the New Jersey Consumer Fraud Act, but Olajide did not present these claims in District Court and they are not properly before us. To the extent Olajide argues that the District Court should have allowed her to conduct discovery or amend her complaint, she does not state that she sought to do so in District Court. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007) (requiring, in non-civil rights cases, that a plaintiff seek leave to amend a complaint and noting that issues not raised before the district court are waived on appeal). Olajide's contention that the District Court violated her due process rights in its handling of her case is without merit.

Accordingly, we will affirm the judgment of the District Court.

---

[2]To the extent Olajide relied below on statements in her brief in opposition to the motion to dismiss or summary judgment, such statements are insufficient to establish a genuine issue of material fact. See Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 130 (3d Cir. 1998) (requiring affirmative evidence to defeat a properly supported motion).